**FILED**
JAMES J. VILT, JR. - CLERK

JAN 18 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**YENISEIS SAAVEDRA**
**ALIEN SAAVEDRA**

INDICTMENT

NO. 3:23-CR-5-RGJ

18 U.S.C. § 2
18 U.S.C. § 981
18 U.S.C. § 982
18 U.S.C. § 1001
18 U.S.C. § 1028A
18 U.S.C. § 1040
18 U.S.C. § 1343
18 U.S.C. § 1349
28 U.S.C. § 2461

The Grand Jury charges:

## COUNT 1
*(Conspiracy to Commit Wire Fraud)*

On or about May 4, 2019, to on or about June 26, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **YENISEIS SAAVEDRA** and **ALIEN SAAVEDRA**, the defendants, together with others, known and unknown to the Grand Jury, did conspire, confederate and agree with each other to devise and intend to devise a scheme and artifice to defraud another by means of false and fraudulent pretenses, for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice and attempting to do so transmitted and caused to be transmitted by means of wire in interstate commerce a writing, sign, signal, picture and sound for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

*The Scheme*

1. It was part of the conspiracy that **ALIEN SAAVEDRA** organized AYS Logistics, LLC, (AYS) with the Kentucky Secretary of State on May 4, 2019, with its registered office located in Louisville, Kentucky.

2. It was part of the conspiracy that **YENISEIS SAAVEDRA** organized IFT, LLC, (IFT) with the Kentucky Secretary of State on October 14, 2019, with its registered office located in Louisville, Kentucky.

3. At relevant times, **YENISEIS SAAVEDRA** was employed with HTSI a trucking company located in Shepherdsville, Kentucky, which is an assumed name for HTI a trucking company located in Shepherdsville, Kentucky.

4. At relevant times, Victim #1 was a freight factoring company located in Scottsdale, Arizona. A freight factoring company purchases the accounts receivables (invoices) from either a freight broker or trucking company.

5. At relevant times, Victim #2 was a freight factoring company located in Olathe, Kansas.

6. At relevant times, Victim #3 was a freight broker with offices located in Seattle, Washington and Atlanta, Georgia. A freight broker is an intermediary between a shipper and a freight service provider (trucking company).

7. At relevant times, Victim #4 was a freight broker with offices across North America and Europe.

8. It was further part of the conspiracy, that in or around November 2019, **YENISEIS SAAVEDRA** and **ALIEN SAAVEDRA** created a fraudulent Co-Brokerage Agreement between AYS and HTI, wherein a HTSI employee's signature was forged. Thereafter, **YENISEIS SAAVEDRA** sent the Co-Brokerage Agreement and forged bill of ladings to Victim #1 to induce

payment to AYS. AYS entered into Factoring Service Agreements with Victim #1 agreeing to assign all accounts receivables and proceeds to Victim #1. Following the fraudulent submission, in November and December 2019, Victim #1 paid AYS via interstate wire transmissions.

9. It was further part of the conspiracy, that in or around October and November 2019, **YENISEIS SAAVEDRA** sent fraudulent invoices and bill of ladings to Victim #2 to induce payment to IFT. IFT entered into Factoring Service Agreements with Victim #2 agreeing to assign all accounts receivables and proceeds to Victim #2. Following the fraudulent submissions, in November and December 2019 and January 2020, Victim #2 paid IFT via interstate wire transmissions.

10. It was further part of the conspiracy, that in March 2020, Victim #2 began withholding payments to IFT based on IFT having negative funds in its reserve account, which resulted from Victim #2 having not received payment from the fraudulent invoices. As a result, **YENISEIS SAAVEDRA** created and sent a fraudulent release letter to Victim #3, which was purported to be from Victim #2 directing all payments for invoices related to IFT. As a result, Victim #3 paid IFT via interstate wire transmissions from January 2020 to March 2020.

11. It was further part of the conspiracy, that in March 2020, Victim #2 began withholding payments to IFT based on IFT having negative funds in its reserve account, which resulted from Victim #2 having not received payment from the fraudulent invoices. As a result, **YENISEIS SAAVEDRA** created and sent a fraudulent release letter to Victim #4, which was purported to be from Victim #2 directing all payments for invoices related to IFT. As a result, Victim #4 paid IFT via interstate wire transmissions from March 2020 to May 2020.

In violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

## COUNT 2
*(False Statement)*

On or about June 25 and 26, 2020, in the Western District of Kentucky, Jefferson County, and elsewhere, **YENISEIS SAAVEDRA**, the defendant, aided and abetted by others, known and unknown to the Grand Jury, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to the United States Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA), an agency of the United States, concerning a matter within its jurisdiction, to wit: **YENISEIS SAAVEDRA** paid the FMCSA for a MCSA-1 filing on behalf of C.I. Transportation, LLC, a limited liability company having its principle office in Louisville, Kentucky. The MCSA-1 filing requires the applicant to swear under oath whether the applicant has or had, within the last three years, a relationship with any other FMCSA regulated entity. **YENISEIS SAAVEDRA** previously filed a MSCA-1 filing on behalf of IFT, LLC. In order to hide this previous filing, the MCSA-1 filing on behalf of C.I. Transportation, LLC listed C.S. as the owner. However, C.I. Transportation, LLC was actually owned and controlled by **YENISEIS SAAVEDRA**.

In violation of Title 18, United States Code, Sections 1001(a)(2), (a)(3) and 2.

The Grand Jury further charges:

## COUNT 3
*(Disaster Fraud)*

On or about August 15, 2020, to on or about December 27, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, **YENISEIS SAAVEDRA** and **ALIEN SAAVEDRA**, the defendants, aided and abetted by each other and others, knowingly falsified, concealed, and

covered up a material fact, from the Kentucky Office of Unemployment Insurance, by means of a trick, scheme, and device when receiving unemployment benefits authorized, transported, transmitted, transferred, disbursed and paid in connection with the Presidential Disaster Declaration for lost wage assistance payments, effective on or about August 8, 2020, making grant funding available to states through the U.S. Department of Homeland Security's Federal Emergency Management Agency under Section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, and the benefit referenced above concerned a record, voucher, payment, money, or thing of value of the United States or any department or agency thereof, to wit: **YENISEIS SAAVEDRA** and **ALIEN SAAVEDRA** knowingly and fraudulently applied for and received lost wage assistance payments on behalf of **ALIEN SAAVEDRA** when he failed to report earning money from other sources, namely the motor carrier industry.

In violation of Title 18, United States Code, Sections 2 and 1040.

The Grand Jury further charges:

## COUNT 4
*(Disaster Fraud)*

On or about August 15, 2020, to on or about December 27, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, **YENISEIS SAAVEDRA**, the defendant, aided and abetted by others, knowingly falsified, concealed, and covered up a material fact, from the Kentucky Office of Unemployment Insurance, by means of a trick, scheme, and device when receiving unemployment benefits authorized, transported, transmitted, transferred, disbursed and paid in connection with the Presidential Disaster Declaration for lost wage assistance payments, effective on or about August 8, 2020, making grant funding available to states through the U.S. Department of Homeland Security's Federal Emergency Management Agency under Section 401

of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, and the benefit referenced above concerned a record, voucher, payment, money, or thing of value of the United States or any department or agency thereof, to wit: **YENISEIS SAAVEDRA** knowingly and fraudulently applied for and received lost wage assistance payments on behalf of C.S. without C.S.'s knowledge and while C.S. was earning money from other sources, namely the motor carrier industry.

In violation of Title 18, United States Code, Sections 2 and 1040.

The Grand Jury further charges:

## COUNT 5
*(Aggravated Identity Theft)*

On or about October 27, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, **YENISEIS SAAVEDRA**, the defendant, did knowingly possess, transfer and use the means of identification of another person, C.S., including C.S.'s name and social security number, without lawful authority, during and in relation to making a material false statement in violation of 18 U.S.C. § 1040 as charged in Count 4.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4).

## NOTICE OF FORFEITURE

If convicted of any violation of Title 18, United States Code, Sections 1028, 1343 and 1349, **YENISEIS SAAVEDRA** and **ALIEN SAAVEDRA,** the defendants, shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of any such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 982(a)(2); and Title 28, United States Code, Section 2461.

A TRUE BILL.





MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:JRA

UNITED STATES OF AMERICA v. **YENISEIS SAAVEDRA** and **ALIEN SAAVEDRA**

## PENALTIES

Count 1: NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 2: NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 3: NM 30 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 4: NM 30 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 5: NL 2 yrs. Consecutive
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.